## FRAILEY *v.* WATERS.

To the grant of a right to back the water by a dam, on the land of the grantor, there is incident the right to enter and cleanse the pool and repair the dam.

Parol license by an agent to do an act affecting the realty, cannot be shown, on the mere evidence of his general agency.

IN error from the District Court of Philadelphia.

*Dec.* 16. This was an action of trespass for entering the close of defendant, breaking and carrying away the soil. The defendant pleaded that he had the right to dam the water of a creek back upon plaintiff's land to a certain line, and to have and enjoy a dam upon plaintiff's land for the purposes of his mill, *and at all reasonable and proper times to enter upon and clean out said dam ;* that it had become filled up by the carelessness of the former owner and plaintiff, and by the illegal conduct of plaintiff in diverting a stream formerly running into defendant's own dam on his land, whereby the upper dam had become filled up ; that in consequence of such filling up defendant entered and cleansed it and put a new trunk in the dam, doing as little damage as possible.

The plaintiff having proved the trespass, the defendant gave in

evidence his deed, of which the clause relied on was, "including the new mill and the liberty of building a new dam so as to swell the water," &c. There was no express reservation of a right of entry to cleanse or repair. He then proved that the upper dam had become filled up by the deposit of the creek, owing to the nonuser of the mill, and neglect of the gate in the dam; and that he entered and dug it out, depositing the earth on the bank on his own land. The defendant having shown that plaintiff had opened a small ditch into the upper dam, plaintiff proposed asking the witness who had said "he had acted for a former owner of the defendant's land," whether he had given plaintiff leave to make that ditch, but the court rejected the evidence.

JONES, J., instructed the jury, that the defendant under his deed had the right, as an incident to his grant, to enter upon the land on which the dam stood, to repair and cleanse it, so as to make it useful for the purpose for which it was intended, (citing 2 Roll. Abr. *Tresp.* M., pl. 2; Vin. Abr. *Tresp.* M. a, pl. 2; Moor. 644, pl. 889; Godb. 52,) but he had no right to carry away the soil.

*P. McCall* and *C. Ingersoll*, for plaintiff in error.—There was no grant or reservation of a right of entry, and the cases all show that there can be no entry on another man's land for less than a nuisance. The only injury proved was the result of the carelessness of the defendant, and he cannot take advantage of his own wrong. Hodges *v.* Raymond, 9 Mass. Rep. 316; Gleason *v.* Gary, 4 Conn. Rep. 418; Strong *v.* Benedict, 5 Conn. Rep. 210; Lonsdale *v.* Nelson, 3 Dowl. & Ry. 556, which latter case decides that a nuisance can never arise but by acts of commission. The evidence of parol license was admissible, being executed: Le Fevre *v.* Le Fevre, 4 Serg. & Rawle, 241; Hepburn *v.* McDowell, 17 Serg. & Rawle, 383; Ricker *v.* Kelly, 1 Greenl. 117.

*Haly*, contrà.—The question of damage having been settled by the jury, the only one left is the right to enter under the deed. Either the plaintiff was bound to cleanse, or the defendant had the right to do so, otherwise the grant would necessarily be inoperative.

*Dec.* 22. BELL, J.—No error is perceived in the charge of the court in the particulars complained of. The legal principles which govern the case were correctly stated, and the disputed facts fairly left to the jury.

The first bill of exceptions to evidence was properly abandoned

on the argument, and the second is destitute of merits; for though, perhaps, a written power was not necessary to enable the witness to give the permission offered to be proved, some authority, proceeding from his principal, certainly was. None such was specially alleged, nor does it appear it sprang from the general nature of the agency. But this is a subordinate feature of the case. The object of the action was to ascertain the right of the plaintiff below to enter upon the land of the defendant for the purposes mentioned in the special plea of justification, and this is correctly settled by the judge before whom the case was tried.

Judgment affirmed.